THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **BAYER CROPSCIENCE, LP,** | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 7:04-cv-92 |
| v. | : | |
| **NICK BOOTH, MARY JO BOOTH,** | : | |
| **KEITH COX, KENNETH LEE,** | : | |
| **DOLLY LEE, HAROLD TINER, ERA** | : | |
| **TINER, and STEVEN MAPLES,** | : | |
| | : | |
| Defendants. | : | |

**ORDER**

Before the Court are Plaintiff's Motion to Strike Defendants' Amended Answer and Counterclaims (Doc. 43) and Defendants' Motion for Leave to Amend Answer (Doc. 46). Both motions relate to Defendants' attempt to amend their responsive pleadings to add counterclaims. In exercise of its discretion pursuant to Rule 13(f) of the Federal Rules of Civil Procedure, and for the reasons set forth below, the Court will allow Defendants to amend their Answer. Accordingly, Plaintiff's Motion to Strike is **DENIED** and Defendants' Motion to Amend is **GRANTED**.

Plaintiff Bayer CropScience, LP ("Bayer") filed this action on August 27, 2004, seeking a declaratory judgment as to potential claims by Defendants that their blueberry crops were damaged by use of Bayer's ROVRAL fungicide product. Defendants filed their initial Answer (Doc. 11) on October 22, 2004. The Answer set forth no counterclaims. The

1

Court's December 16, 2004 Scheduling Order (Doc. 18) gave the parties until February 23, 2004 to file amended pleadings. Defendants filed their Amended Answer on February 24, 2004.  Bayer filed its Motion to Strike the amended answer as untimely.  In response to Bayer's motion to strike, on April 18, 2005, the defendants moved the Court for leave to file an amended answer with counterclaims pursuant to Rule 13(f) of the Federal Rules of Civil Procedure.

Although Rule 13(a) requires defendants to plead compulsory counterclaims in their first responsive pleading, Rule 13(f) gives district courts discretion to allow a party to set up a counterclaim by amendment "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires." The language of the rule suggests a broad discretion, and courts in this circuit apply to Rule 13(f) motions the same "liberal standards" applied to Rule 15(a) motions to amend.  See MCI Telecommunications Corp. v. Best Telephone Co. Inc., 898 F. Supp. 868, 875 (S.D.Fla.1994).  Under Rule 15(a),

> leave to amend must be granted absent a specific, significant reason for denial[.] "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given."

Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc., 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Justice requires the allowance of Defendants' Amended Answer, which was filed only one day after the Court's deadline for filing amended pleadings. Defendants' counsel has stated that his tardiness was the result of an inadvertent error in the use of the Court's electronic filing procedure. The Court has no reason to doubt this statement. Defendants' counsel is not the first attorney to have made such an error in the months since the Court has adopted the electronic filing system. There is no good reason to deny the amendment. Bayer will not be prejudiced by this one-day delay. At the time the proposed amendment was submitted, the parties were in the early stages of discovery. There is no indication that the amendment will serve any dilatory purpose or that the Defendants were acting in bad faith. The counterclaims do not introduce any new factual aspects into the action, but instead introduce legal theories arising from state, rather than federal law.

The nature of this case as a declaratory judgment action warrants a particularly liberal approach to amendments. Ordinarily an injured party, as plaintiff, is entitled to define his own claim, to select the legal framework for recovery, to choose the appropriate forum, and to determine the timing for initiation of the action. In this case, the Defendants are the alleged injured party. Bayer chose to act preemptively under the federal Declaratory Judgment Act, before Defendants had the opportunity to develop and initiate their own claims. As the injured party, Defendants are entitled to a degree of indulgence in setting forth their preferred legal theories of recovery. Failure to allow amendment would severely

prejudice Defendants, as it might amount to a waiver of claims, with preclusive effect on any future actions.

The danger of prejudice is more acute in light of the Supreme Court's recent decision in <u>Bates v. Dow AgroScience, LLC.</u>, ___ U.S. ___, 125 S.Ct. 1788 (2005). In that case, the Court held that state-law claims related to the design and manufacture of insecticides, fungicides, and rodenticides were not pre-empted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq.* Pursuant to this ruling, plaintiffs alleging damage caused by negligent design and manufacture may opt to forego any federal claims and proceed under state law alone. Bayer has sought to define Defendants' claims as purely federal claims. Justice requires that Defendants be given the opportunity to shape their own claims, even in a preemptive declaratory judgment action. It is appropriate, therefore, that the amendment be allowed.

SO ORDERED, this the 29th day of August, 2005.

                                                              **s/   Hugh Lawson**
                                                              HUGH LAWSON, JUDGE

chw