THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **BAYER CROPSCIENCE, LP,** | : | |
| | : | |
| **Plaintiff,** | : | Civil Action |
| | : | No. 7:04-cv-92 |
| v. | : | |
| **NICK BOOTH, MARY JO BOOTH,** | : | |
| **KEITH COX, KENNETH LEE,** | : | |
| **DOLLY LEE, HAROLD TINER, ERA** | : | |
| **TINER, and STEVEN MAPLES,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER ON MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Declaratory Relief (Doc. 19). Defendants contend that Bayer lacks standing to bring this claim as a declaratory judgment action and that any controversy between Bayer and Defendants is not ripe for review. Upon review of the arguments of counsel and the relevant legal authorities, and for the reasons set forth below, the Court finds that there Bayer has standing to bring a declaratory judgment action in this case and that it is ripe for review. As such, the Court has discretion to exercise jurisdiction over the case under the Declaratory Judgment Act (22 U.S.C. § 2201). Accordingly, the Motion to Dismiss is **DENIED**. For the reasons set forth below, however, the Court declines to exercise its jurisdiction in favor of a parallel case in the State Court of Clinch County, Georgia. This case is hereby **STAYED** pending resolution of the state case.

1

**1.     Procedural Background**

In this case and in the parallel case, recently remanded by this Court, the parties have engaged in a considerable amount of procedural wrangling to select their preferred forum. Both cases center around the allegations of the Defendants in this case, a group of farmers who allege that their blueberry crops were severely damaged by Bayer's "Rovral" fungicide product. In May of 2004, Defendants sent two demand letters to Bayer, requesting compensation for the alleged damages to their crops and threatening litigation. Bayer received a third demand letter dated July 16, 2004, in which the Defendants alleged damages in excess of $3 million. Bayer responded by filing this declaratory judgment action on August 27, 2004, as a preemptive attempt to secure federal jurisdiction and advance its argument that any claims related to the use of Rovral are pre-empted by the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq.*

On March 16, 2004, Defendants filed their actual coercive claim in the State Court of Clinch County. Bayer promptly removed the state case to this Court, alleging federal question jurisdiction pursuant to the preemption provisions of FIFRA and fraudulent joinder of the Board of Regents of the University System of Georgia as a non-diverse party. In a recent order, the Court has remanded the coercive action to the State Court for lack of subject matter jurisdiction. See Booth, *et al.* v. Bayer CropScience, LP, 7:05-cv-34, August ___, 2005 Order (Doc. ___). In its remand order, the Court noted that Bayer's federal pre-emption

argument has been rejected by the Supreme Court of the United States, in <u>Bates v. Dow AgroScience, LLC.</u>, ___ U.S. ___, 125 S.Ct. 1788 (2005).

**2.     Declaratory Judgment – Case or Controversy Requirement**

Bayer's Complaint in this case sets forth a real case or controversy sufficient to permit a declaratory judgment action. The Declaratory Judgment Act provides that "in the case of actual controversy within its jurisdiction," a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether further relief is or could be sought." 22 U.S.C. § 2201(a). In accordance with the requirements of Article III of the United States Constitution, courts have jurisdiction to issue declaratory relief only where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>Maryland Cas. Co. v. Pacific Coal & Oil Co.</u>, 312 U.S. 270, 273 (1941).

The legal dispute between Bayer and the Defendants is of sufficient immediacy and reality to warrant a declaratory judgment action. In general, to establish standing a plaintiff must show: "(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Koziara v. City of Casselberry</u>, 392 F.3d 1302, 1304 (11th Cir. 2004). A plaintiff seeking only declaratory relief "must prove not only an injury, but also 'a "real and immediate threat" of future injury in order to satisfy the

"injury in fact" requirement.'" Id. at 1305 (quoting Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1241 (11th Cir.2003)).

In this case, the threat of litigation by Defendants against Bayer established a real and immediate threat of future injury. Defendants sent Bayer demand letters on May 4, 2004, and on May 27, 2004, in which Defendants requested compensation for damage to their crops, and threatened suit. Although there appears to be no authority from the Eleventh Circuit directly on the issue, courts in other circuits have held that a specific and concrete threat of litigation, such as a demand letter with a notice of intent to file suit, can constitute an actual controversy for purposes of declaratory judgment. See, e.g. Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 897 (5th Cir. 2000), NUCOR Corp. v. Aceros Y Maquilas de Occidente, 28 F.3d 572, 578 (7th Cir.1994). These cases are generally consistent with the holding of the Eleventh Circuit in GTE Pub. Corp. V. Trimen America, Inc., 67 F.3d 1563 (11th Cir. 1995), in which the court found an actual controversy to exist where the plaintiff wished to engage in the specific conduct of contacting the defendant's customers, and the defendant claimed that any such conduct would result in a lawsuit. There is a real controversy between Bayer and Defendants concerning the connection between Bayer's Rovral product and alleged damage to Defendants' crops. Defendants' demand letters established a threat of litigation that could cause injury to Bayer's interests.

### 3.      **Declaratory Judgment – Discretion**

Although the threat of litigation raised by Defendants' demand letters may have been sufficient to create an actual controversy over which the Court can take jurisdiction, the Declaratory Judgment Act does not require the Court to exercise its jurisdiction. Even when a suit otherwise satisfies subject-matter jurisdiction, the Declaratory Judgment Act confers on the district court "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). Courts exercise this discretion with attention to "considerations of practicality and wise judicial administration." Id. at 288. The balance of circumstances in this case weigh against further proceedings in this forum. Most significant is that there is currently pending in the State Court of Clinch County the actual coercive action that was threatened by the Defendants in their notice letter. That action was filed several months after the filing of this case. Considerations of practicality and wise judicial administration favor deference to the state action as the more appropriate forum for the resolution of this dispute.

In exercising their discretion under the Declaratory Judgment Act, courts have looked critically at preemptive actions such as this one, where a potential defendant upon receiving a notice letter immediately files a declaratory judgment action. As appears to be the case in this action, preemptive declaratory actions are frequently initiated in an attempt "to gain procedural advantage and preempt the forum choice of the plaintiff in the coercive action." Federal Ins. Co. v. May Dept. Stores Co., 808 F. Supp. 347, 350 (11th Cir. 1992). Such a

declaratory action usurps the normal status of the plaintiff as the "master of his claim," with the power to choose the forum and the legal theory of the case. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 391 (1987). Generally, a plaintiff has discretion to "avoid federal jurisdiction by exclusive reliance on state law" Id.

Although Bayer's federal declaratory action was filed before the Defendants coercive state action, this Court "decline[s] to place undue significance on the race to the courthouse door." Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 258 (4th Cir. 1996). In the exercise of a court's discretion under the Declaratory Judgment Act, the interests of the true plaintiff in defining his own claim may warrant preference for a later-filed coercive action, contrary to the usual "first filed" principle. "When the declaratory judgment action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiffs' chosen forum." Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2nd Cir. 1978) (overruled on other grds. by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir.1990)) (citing Amerada Petroleum Corp. v. Marshall, 381 F.2d 661, 663 (5th Cir. 1967)). The fact that this case was triggered by a notice letter is an important consideration in this Court's decision to allow the case to proceed in the state court.

Events subsequent to the filing of Bayer's Complaint confirm that the Court should exercise its discretion to stay this case in favor of the state proceedings. With its preemptive declaratory action, Bayer has sought to define this case as one governed by a comprehensive

federal statute, the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA"), 7 U.S.C. § 136 *et seq*. When the Defendants filed their coercive lawsuit in the state court, however, they pleaded only claims under state law, and avoided federal claims. In its Complaint and its Motion for Judgment on the Pleadings, Bayer contends that FIFRA preempts state-law actions related to the design, manufacture, and labeling of fungicides like Bayer's Rovral. In accordance with this contention, Bayer seeks "a declaration that the Defendants' claims are preempted and that their remedies, if any, are limited to those provided on Rovral's approved label." Plaintiff's Memorandum in Support of Motion for Judgment on the Pleadings, Doc. 21, p. 2.

Several months after Bayer filed its Complaint, in April of 2005, the United States Supreme Court rejected that argument in a factually similar case. In Bates v. Dow AgroScience, LLC., ___ U.S. ___, 125 S.Ct. 1788 (2005), the Court held that FIFRA did not preempt state law claims for negligent design and manufacture and for breach of warranty. In its Order on Motion to Remand in the Defendants' coercive action (Booth, *et al.* v. Bayer CropSciences, LP, 7:05-cv-34, August ___, 2005), this Court applied the Bates Court's reasoning to hold that the plaintiffs' (Defendants in this case) claims under the Georgia law of fraud were also not preempted by FIFRA. Bates holds, at the very least, that Defendants need not pursue any federal claims under FIFRA, if they choose to proceed solely under state law. Defendants have chosen to do so, and there is no indication of any imminent threat that they will seek to add federal claims to their state-court action.

Although they do not appear to involve any particularly difficult issues of Georgia law, Defendants' state law claims are better pursued in the state courts. The state courts are the forum of choice for the Defendants. There is no additional inconvenience for any party to litigate in that forum as opposed to this Court. Most of the Defendants live in or around the Clinch County area. Plaintiff is a major multinational corporation, has retained counsel from Atlanta, and will likely have to transport witnesses regardless of the forum. The seat of Clinch County, Homerville, is no more than forty miles from this Court's courthouse in Valdosta. Finally, the state court action is entitled to preference over this action because it is more complete than this action. The state court action includes a defendant, the Board of Regents of the University System of Georgia, that has not been joined in this case. Joinder of the Board of Regents would eliminate this Court's diversity of citizenship jurisdiction, and the holding in <u>Bates</u> makes it unlikely that this Court can maintain federal question jurisdiction.

Because the state court is the better forum for resolution of this dispute, the Court exercises its discretion pursuant to 28 U.S.C. § 2201(a) to stay this matter pending resolution of the state court action. The parties shall notify the Court within 60 days of the conclusion of the litigation in that forum. If for any reason there are matters that the state action was unable to resolve, the Court will entertain a motion to reopen the case. Otherwise, this case will be dismissed at that time.

All other pending motions in this case are hereby administratively dismissed. If necessary, such motions may be reentered upon lift of stay.

SO ORDERED, this the 31st day of August, 2005.

**s/   Hugh Lawson**
HUGH LAWSON, JUDGE

chw